# EXHIBIT  A

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**23-C-04518-S4**

**6/29/2023 2:32 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANDREW STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | 23-C-04518-S4 |
| | ) | |
| MCKESSON CORPORATION, MCKESSON | ) | |
| MEDICAL-SURGICAL INC., MCKESSON | ) | |
| MEDICAL-SURGICAL SUPPLY CHAIN | ) | |
| SERVICES LLC, and ABC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
## AND DEMAND FOR JURY TRIAL

COMES NOW ANDREW STEWART, Plaintiff in the above-captioned matter and submits his Complaint for Personal Injuries and Damages (the "Complaint") against the Defendants McKesson Corporation, McKesson Medical-Surgical Inc., McKesson Medical-Surgical Supply Chain Services LLC, and ABC Corporation (hereinafter referred to as "Defendants"), by showing this Honorable Court that judgment should be entered in favor of the Plaintiff against the Defendants for the relief sought in the Complaint for the reasons pled as follows:

### PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS

1.

Plaintiff Andrew Stewart (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia. Plaintiff resides at 2900 Oakmont Circle, Monroe, Georgia 30656. By bringing this action, Plaintiff subjects himself to the jurisdiction and venue of this Honorable Court.

- 1 -

2.

Defendant MCKESSON CORPORATION (hereinafter "Defendant McKesson") is a foreign corporation that is authorized to transact business in the State of Georgia and is subject to the jurisdiction of this Court. Defendant McKesson has an office and transacted business in Gwinnett County at 1005 Satellite Boulevard, Suwanee, Georgia 30024. Service of process may be had on said Defendant by serving its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

3.

Defendant MCKESSON MEDICAL-SURGICAL INC. (hereinafter "Defendant McKesson Medical") is a foreign corporation that is authorized to transact business in the State of Georgia and is subject to the jurisdiction of this Court. Defendant McKesson Medical has an office and transacted business in Gwinnett County at 1005 Satellite Boulevard, Suwanee, Georgia 30024. Service of process may be had on said Defendant by serving its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

4.

Defendant MCKESSON MEDICAL-SURGICAL SUPPLY CHAIN SERVICE LLC (hereinafter "Defendant McKesson Supply Chain") is a foreign limited liability company that is authorized to transact business in the State of Georgia and is subject to the jurisdiction of this Court. Defendant McKesson Supply Chain has an office and transacted business in Gwinnett County at 1005 Satellite Boulevard, Suwanee, Georgia 30024. Service of process may be had on said Defendant by serving its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

5.

Defendants are presently doing business on or about September 3, 2021, and were doing business in Gwinnett County at 1005 Satellite Boulevard, Suwanee, Georgia 30024, which is where the causes of action herein originated. Venue is proper in this Court pursuant to O.C.G.A § 14-2-510(4).

6.

Defendant ABC CORPORATION (hereinafter referred to as "ABC") is an entity, the formal identity of which, despite Plaintiff's best attempts, remains unknown, which owned and/or operated a business commonly known as "McKesson", the primary address of which is 1005 Satellite Boulevard, Suwanee, Gwinnett County, Georgia 30024. Despite diligent attempts, Plaintiff has been unable to ascertain the formal identity of ABC CORPORATION. Once the identity is determined, Plaintiff will file a motion to substitute parties.

**STATEMENT OF FACTS**

7.

On or about September 3, 2021, Plaintiff Andrew Stewart was employed by UPS as a delivery driver and an invitee at McKesson Medical Surgical located at 1005 Satellite Boulevard, Suwanee, Georgia 30024.

8.

On September 3, 2021, Plaintiff was making a delivery to McKesson Medical. While on the premise, he needed to move a pallet out of his way for the delivery. As Plaintiff was using the pallet jack, the handle fell off causing him to fall backwards and injure his wrist.

9.

The broken handle of the pallet jack constituted a hazardous and unsafe condition of which the Defendants had actual and constructive knowledge.

10.

As a direct and proximate cause of the fall, Plaintiff Andrew Stewart sustained personal injuries including but not limited to a fractured wrist.

## COUNT I
## NEGLIGENCE OF DEFENDANTS

11.

Paragraphs 1 through 10 above are incorporated by reference as if set forth fully herein.

12.

Plaintiff Andrew Stewart was an invitee of McKesson Medical on or about September 3, 2021.

13.

Defendants owned and/or managed the business on or about September 3, 2021.

14.

Defendants had custody and control of the premises on or about September 3, 2021.

15.

Defendants owed a duty to Plaintiff to exercise ordinary care in keeping the premises and approaches safe.

16.

Defendants breached this duty by failing to properly maintain and keep the premises and equipment free from any potential hazards.

17.

Defendants failed to exercise diligence toward making the premises safe to the standards that one would be accustomed to, specifically, keeping the facility equipment free from potential hazards and failing to warn of a hazardous condition.

18.

Defendants had actual and constructive knowledge of the hazardous, dangerous and unsafe condition. Defendants, through its agents or employees, were in the immediate area of the hazardous condition and had knowledge that the pallet jack handle was broken. Defendants, through its agents or employees, had actual and constructive knowledge that the pallet jack handle had been broken and not repaired hence creating a hazard for invitees.

19.

On or about September 3, 2021, Defendants did not take any action to rectify this dangerous condition, or to keep invitees from using the defective equipment where the obstruction was located, or to alert invitees of the dangerous condition, prior to the time that Plaintiff Andrew Stewart tripped and fell.

20.

The premises of the warehouse were negligently maintained by the Defendants and its agents and employees, and more particularly, Defendants were negligent in the failure to exercise ordinary care in keeping the premises and approaches safe.

21.

Plaintiff, Andrew Stewart, had no knowledge of the existence of the dangerous and unsafe condition and despite exercising care for his personal safety, lacked knowledge of the hazard due to the Defendants' actions or to conditions under the Defendants' control.

22.

Defendants' negligence proximately caused the injuries, losses and damages suffered by the Plaintiff.

23.

Plaintiff Andrew Stewart sustained substantial and serious injuries, mental and physical, all of which have caused him extreme mental and physical pain and suffering, and he is entitled to recover from the Defendants, jointly and severally, for his past, present and future pain and suffering.

24.

Plaintiff Andrew Stewart sustained injuries as a result of his fall, including but not limited to the following specific physical injuries: displaced left distal radius intra-articular fracture and left carpal tunnel syndrome as a result of Defendants' negligence.

25.

As a result of the Defendants' negligence, the Plaintiff has incurred medical expenses in excess of $11,800.00.

26.

As a direct and proximate result of the negligence and negligence *per* se of Defendants, Plaintiff Andrew Stewart has suffered mental and physical injuries requiring medical treatment and will continue to suffer the following:

(a)    Past, present and future physical and mental pain and suffering;

(b)    Past, present and future loss of enjoyment of life;

(c)    Past, present and future loss of earnings and income; and

- 6 -

(d)     Past, present and future loss of ability to labor and earn money, as well as other damages.

27.

Plaintiff Andrew Stewart should be awarded compensatory damages from the Defendants for his general and special damages in an amount to be determined according to the enlightened consciences of fair and impartial jurors.

28.

As a direct and proximate result of the negligence and negligence *per se* of Defendants, Plaintiff has suffered mental and physical injuries requiring medical treatment and has incurred substantial medical expenses and will continue to require and incur reasonable and necessary medical expenses due to his painful injuries.

29.

As a direct and proximate result of the negligence and negligence *per se* of Defendants, Plaintiff is entitled to recover all special damages in an amount to be proved at trial.

30.

As a direct and proximate result of the negligence and negligence *per se* of Defendants, Plaintiff is entitled to recover general damages including but not limited to Plaintiff's mental and physical pain and suffering and loss of capacity to enjoy life, past, present, and future.

31.

Defendants have acted in bad faith, been stubbornly litigious, or have caused Plaintiff unnecessary trouble or expense. Plaintiff is therefore entitled to recover the expenses of litigation, including but not limited to attorney's fees.

## COUNT II
## GROSS NEGLIGENCE OF DEFENDANTS

32.

Plaintiff hereby incorporates by reference paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.

Defendants willfully failed to guard or warn patrons, including Plaintiff Andrew Stewart, against a dangerous condition, use, structure or activity; specifically, but not limited to their failure to warn of the broken pallet jack handle.

34.

In doing so, Defendants failed to exercise the slightest of care for the patrons of the warehouse on September 3, 2021

35.

All times herein mentioned, Defendants were in control and custody of said premise.

36.

Defendants' gross negligence proximately caused the injuries, losses and damages suffered by the Plaintiff.

37.

Plaintiff Andrew Stewart sustained substantial and serious injuries, mental and physical, all of which have caused him extreme mental and physical pain and suffering, and he is entitled to recover from the Defendants for his past, present and future pain and suffering.

38.

Plaintiff Andrew Stewart sustained serious injuries, including: displaced left distal radius intra-articular fracture and left carpal tunnel syndrome, as a result of the Defendants' gross negligence.

39.

As a result of the Defendants' gross negligence, the Plaintiff has incurred medical expenses in excess of $11,800.00.

40.

As a direct and proximate result of the gross negligence and negligence *per se* of the Defendants, Plaintiff Andrew Stewart has suffered mental and physical injuries requiring medical treatment and will continue to suffer the following;

    (e)    Past, present and future physical and mental pain and suffering;

    (f)    Past, present and future loss of enjoyment of life;

    (g)    Past, present and future loss of earnings and income; and

    (h)    Past, present and future loss of ability to labor and earn money, as well as other damages.

41.

Plaintiff Andrew Stewart should be awarded compensatory damages from the Defendants for his general and special losses in an amount to be determined according to the enlightened consciences of fair and impartial jurors.

42.

As a direct and proximate result of the gross negligence and negligence *per se* of Defendants, Plaintiff Andrew Stewart has suffered mental and physical injuries requiring medical

treatment and has incurred substantial medical expenses and will continue to require and incur reasonable and necessary medical expenses due to his painful injuries.

43.

As a direct and proximate result of the gross negligence and negligence *per se* of Defendants, Plaintiff Andrew Stewart is entitled to recover all special damages in an amount to be proved at trial.

44.

As a direct and proximate result of the gross negligence and negligence *per se* of Defendants, Plaintiff Andrew Stewart is entitled to recover general damages including but not limited to Plaintiff's mental and physical pain and suffering and loss of capacity to enjoy life, past, present, and future.

45.

Defendants have acted in bad faith, been stubbornly litigious, or has caused Plaintiff unnecessary trouble or expense. Plaintiff is therefore entitled to recover the expenses of litigation, including but not limited to attorney's fees.

46.

Defendants' acts and omissions were reckless, willful and wanton, and demonstrated an entire want of care showing their conscious indifference to the consequences. As such, Plaintiff is entitled to an award for punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays as follows:

(a)    That Defendants be served with process and be required to answer this lawsuit;

(b)      That Plaintiff Andrew Stewart recover recompensive damages from Defendants for the personal injuries which he has suffered in an amount to be determined according to the enlightened conscience of an impartial jury;

(c)      That Plaintiff Andrew Stewart be awarded an amount sufficient to reimburse him for all past, present and future medical expenses and wage losses associated with his injuries;

(d)      That Plaintiff Andrew Stewart be compensated for the mental and physical pain and suffering related to his injuries;

(e)      That Plaintiff be awarded punitive damages;

(f)      The Plaintiff Andrew Stewart be awarded interest at the legal rate on any judgment ultimately rendered;

(g)      That Plaintiff Andrew Stewart have a trial by a jury of twelve (12) persons; and

(h)      That Plaintiff Andrew Stewart be awarded any such other and further relief as the Court may deem just and appropriate.

This 29th day of June, 2023.

THE EICHHOLZ LAW FIRM, P.C.

      /s/ Brian J. Kennedy, Jr.
BRIAN J. KENNEDY, JR.
Georgia State Bar No. 534118
DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorneys for Plaintiff*

319 Eisenhower Drive
Savannah, GA 31406
(912) 232-2791 (phone)
(912) 629-2560 (fax)
bkennedy@thejusticelawyer.com

FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
23-C-04518-S4
6/29/2023 2:32 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __Gwinnett State Court__ County

| For Clerk Use Only | |
|---|---|
| | 23-C-04518-S4 |
| Date Filed _____ | Case Number _____ |
| MM-DD-YYYY | |

**Plaintiff(s)**
Stewart, Andrew

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
McKesson Corporation

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
McKesson Medical-Surgical Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
McKesson Medical-Surgical Supply Chain Service LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Brian J. Kennedy     **State Bar Number** 534118     **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
Case Number          Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04518-S4**
**6/29/2023 2:32 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Andrew Stewart**

_____

_____

_____

PLAINTIFF

VS.

McKesson Corporation, McKesson Medical-Surgical Inc.,

**McKesson Medical-Surgical Supply Chain**

**Services LLC, and ABC Corporation**

DEFENDANT

CIVIL ACTION 23-C-04518-S4
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**     McKesson Medical-Surgical Inc.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Brian J. Kennedy, Jr.
The Eichholz Law Firm, P.C.
319 Eisenhower Drive
Savannah, Georgia 31406

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.
    29th day of June, 2023

Tiana P. Garner
**Clerk of State Court**

By_____
    **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04518-S4**
**6/29/2023 2:32 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Andrew Stewart**

_____

_____

_____

                    PLAINTIFF

CIVIL ACTION
NUMBER:_____     23-C-04518-S4

VS.

McKesson Corporation, McKesson Medical-Surgical Inc.,

**McKesson Medical-Surgical Supply Chain**

**Services LLC, and ABC Corporation**

                    DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**    McKesson Corporation

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Brian J. Kennedy, Jr.
The Eichholz Law Firm, P.C.
319 Eisenhower Drive
Savannah, Georgia 31406

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.

   29th day of June, 2023

                                        Tiana P. Garner
                                        Clerk of State Court

                                        By_____
                                              **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04518-S4**
**6/29/2023 2:32 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Andrew Stewart**

_____

_____

PLAINTIFF

VS.

McKesson Corporation, McKesson Medical-Surgical Inc.,

**McKesson Medical-Surgical Supply Chain**

**Services LLC, and ABC Corporation**

DEFENDANT

CIVIL ACTION
NUMBER:_____  23-C-04518-S4

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**    McKesson Medical-Surgical Supply Chain Services LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Brian J. Kennedy, Jr.
The Eichholz Law Firm, P.C.
319 Eisenhower Drive
Savannah, Georgia 31406

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20____.
      29th day of June, 2023

Tiana P. Garner
Clerk of State Court

By_____
      **Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

**SC-1 Rev. 2011**

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-C-04518-S4 _____

Date Filed 06-29-2023 _____

Attorney's Address

Brian J. Kennedy, Jr. _____

319 Eisenhower Drive _____

Savannah, Georgia 31406 _____

Name and Address of Party to Served

McKesson Medical-Surgical, Inc. _____

c/o Corporation Service Company _____

2 Sun Court, Ste 400 _____

Peachtree Corners, Georgia 30092

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☐ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, Gwinnettt _____ COUNTY

Andrew Stewart _____

_____ Plaintiff

VS.

McKesson Corporation, McKesson Medical-

Surgical, Inc.,et. al. _____

Defendant

_____ Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
I have this day served the defendant _____ personally with a copy
☐ of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant *McKesson Medical-Surgical, Inc* a corporation
☒ by leaving a copy of the within action and summons with *Alisha Smith*
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This *12* day of *JULY*, 20*23*                    *Sct Collins 0500*

DEPUTY                    **CLERK'S COPY**

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-C-04518-S4 _____

|  | Superior Court ☐ | Magistrate Court ☐ |
|---|---|---|
|  | State Court ☐ | Probate Court ☐ |
|  | Juvenile Court ☐ | |

Date Filed 06-29-2023 _____

Georgia, Gwinnettt _____ COUNTY

Attorney's Address

Brian J. Kennedy, Jr. _____

319 Eisenhower Drive _____

Savannah, Georgia 31406 _____

Name and Address of Party to Served

McKesson Corporation _____

c/o Corporation Service Company _____

2 Sun Court, Ste 400 _____

Peachtree Corners, Georgia 30092

Andrew Stewart _____

_____
                                        Plaintiff

VS.

McKesson Corporation, McKesson Medical-

Surgical, Inc.,et. al.
                                        Defendant

_____

_____
                                        Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy
☐ of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant *McKesson Corporation* a corporation
✗ by leaving a copy of the within action and summons with *Aisha Smith*
in charge of the office and place of doing business of said Corporation in this County.

2023 JUL 18

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _____ day of _Jury_ , 20_23_.

_____
        DEPUTY

*Sgt. Collins, SO 500*

**CLERK'S COPY**

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 23-C-04518-S4

Date Filed 06-29-2023

Attorney's Address

Brian J. Kennedy, Jr.

319 Eisenhower Drive

Savannah, Georgia 31406

Name and Address of Party to Served

McKesson Medical-Surgical Supply Chain

c/o Corporation Service Company

2 Sun Court, Ste 400

Peachtree Corners, Georgia 30092

Superior Court ☐          Magistrate Court ☐
State Court ☒             Probate Court ☐
Juvenile Court ☐

Georgia, Gwinnettt                COUNTY

Andrew Stewart

_____
                                    Plaintiff

VS.

McKesson Corporation, McKesson Medical-

Surgical, Inc.,et. al.
_____
                                    Defendant

_____

_____
                                    Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant McKesson Medical-Surgical Supply Chain a corporation
by leaving a copy of the within action and summons with Alrsha Smith
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This 13 day of July , 20 23

J. Williams S01139

DEPUTY

CLERK'S COPY

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04518-S4**
**6/29/2023 2:32 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANDREW STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO.: |
| v. | )      23-C-04518-S4 |
| | ) |
| MCKESSON CORPORATION, MCKESSON | ) _____ |
| MEDICAL-SURGICAL INC., MCKESSON | ) |
| MEDICAL-SURGICAL SUPPLY CHAIN | ) |
| SERVICES LLC, and ABC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

---

### CERTIFICATE OF SERVICE PURUSANT TO U.S.C.R. 5.2(2)

---

This is to certify that I have served a copy of the foregoing Plaintiff's First Set of Interrogatories and Plaintiff's First Requests for Production of Documents and Things on the following:

McKesson Corporation
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

by attachment to the Summons and Complaint to be served by the Sheriff.

This 29th day of June, 2023.

         **THE EICHHOLZ LAW FIRM, P.C.**

         __/s/ Brian J. Kennedy, Jr._____
         BRIAN J. KENNEDY, JR.
         Georgia State Bar No. 534118
         DAVID S. EICHHOLZ
         Georgia State Bar No. 502134
         *Attorneys for Plaintiff*

319 Eisenhower Drive
Savannah, GA 31406
(912) 232-2791 (phone)
(912) 629-2560 (fax)
bkennedy@thejusticelawyer.com

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04518-S4**
**6/29/2023 2:32 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| ANDREW STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | 23-C-04518-S4 |
| | ) | |
| MCKESSON CORPORATION, MCKESSON | ) | _____ |
| MEDICAL-SURGICAL INC., MCKESSON | ) | |
| MEDICAL-SURGICAL SUPPLY CHAIN | ) | |
| SERVICES LLC, and ABC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

---

### CERTIFICATE OF SERVICE PURUSANT TO U.S.C.R. 5.2(2)

---

This is to certify that I have served a copy of the foregoing Plaintiff's First Set of Interrogatories and Plaintiff's First Requests for Production of Documents and Things on the following:

McKesson Medical-Surgical Inc.
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

by attachment to the Summons and Complaint to be served by the Sheriff.

This 29th day of June, 2023.

**THE EICHHOLZ LAW FIRM, P.C.**

_/s/ Brian J. Kennedy, Jr._____
BRIAN J. KENNEDY, JR.
Georgia State Bar No. 534118
DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorneys for Plaintiff*

319 Eisenhower Drive
Savannah, GA 31406
(912) 232-2791 (phone)
(912) 629-2560 (fax)
bkennedy@thejusticelawyer.com

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**23-C-04518-S4**
**6/29/2023 2:32 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANDREW STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | 23-C-04518-S4 |
| | ) | |
| MCKESSON CORPORATION, MCKESSON | ) | |
| MEDICAL-SURGICAL INC., MCKESSON | ) | |
| MEDICAL-SURGICAL SUPPLY CHAIN | ) | |
| SERVICES LLC, and ABC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

---

### CERTIFICATE OF SERVICE PURUSANT TO U.S.C.R. 5.2(2)

---

This is to certify that I have served a copy of the foregoing Plaintiff's First Set of Interrogatories and Plaintiff's First Requests for Production of Documents and Things on the following:

McKesson Medical Surgical Supply Chain Service, LLC
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

by attachment to the Summons and Complaint to be served by the Sheriff.

This 29th day of June, 2023.

**THE EICHHOLZ LAW FIRM, P.C.**

    /s/ Brian J. Kennedy, Jr.
BRIAN J. KENNEDY, JR.
Georgia State Bar No. 534118
DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorneys for Plaintiff*

319 Eisenhower Drive
Savannah, GA  31406
(912) 232-2791 (phone)
(912) 629-2560 (fax)
bkennedy@thejusticelawyer.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

ANDREW STEWART,                          )
                                         )
    Plaintiff,                       )
                                         )   CIVIL ACTION FILE NO.:
v.                                       )
                                         )
MCKESSON CORPORATION, MCKESSON           )   _____
MEDICAL-SURGICAL INC., MCKESSON          )
MEDICAL-SURGICAL SUPPLY CHAIN            )
SERVICES LLC, and ABC CORPORATION,       )
                                         )
    Defendants.                      )

---

**PLAINTIFF'S FIRST INTERROGATORIES TO**
**DEFENDANT MCKESSON CORPORATION**

---

COMES NOW ANDREW STEWART, Plaintiff in the above-captioned matter, and pursuant to O.C.G.A. § 9-11-33 requests that Defendant MCKESSON CORPORATION. (hereinafter referred to as "McKesson") answer under oath the following interrogatories within the time period required by law, and that a copy of the answers be furnished to Brian J. Kennedy Jr. at The Eichholz Law Firm, P.C., 319 Eisenhower Drive, Savannah, GA 31406 as attorney for Plaintiff.

NOTE A:    In answering these interrogatories, you must furnish all requested information not subject to a valid objection that is known by, possessed by, or available to you or any of your attorneys, consultants, representatives or other agents. If you are unable to answer fully any of these interrogatories, you must answer them to the fullest extent possible, specifying the reasons for your inability to answer the remainder, and stating whatever information, knowledge or belief you have concerning the unanswerable portion. If you object to an interrogatory as calling for information, which is beyond the scope of discovery, ***you must***

*nevertheless answer the interrogatory to the extent that it is not objectionable*.

NOTE B:    These interrogatories require supplemental answers if you or your attorney obtain further information after the time the answers are to be filed and served upon counsel for the Plaintiff; such supplemental answers to be provided within thirty (30) days from the receipt of such additional information, but not later than ten (10) days prior to trial.

NOTE C:    Unless otherwise indicated, all references to Defendant are intended to be limited to the premise in which Plaintiff fell and which is located at 1005 Satellite Boulevard, Suwanee, Georgia 30024.

NOTE D:    You are under a duty to supplement your response with respect to any questions addressed to the identity and location of persons having knowledge of discoverable matters and to the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to testify, and the substance of his testimony. You are required to seasonably amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made or that the response, though correct when made is no longer true and circumstances are such that a failure to amend the response is in substance a knowing concealment.

## DEFINITIONS

Document:

When used in these interrogatories, the term "document" includes, but is not limited to, all paper materials of any kind whether written, typed, printed, punched, filmed or marked in any way; recording tape or wires, transcripts taken from recording tape or wires, film, photographs, movies, x-rays, or any graphic matter however produced or reproduced; correspondence, letters, telegrams, memoranda, statements, reports, records, statistical compilations, test data, instructions,

specification, notes, notebooks, and all other written material, including every copy of an original which is not identical to the original or where such copy contains any commentary or notation whatsoever (whether by interlineation, receipt stamps, notations, indication of copy sent or received, or otherwise) that does not appear on the original. Designated documents are to be taken as including all attachments, enclosures, or other documents that are attached to, relate to, or refer to such designated document.

Identify:

(a)     With respect to a document means set forth the following information, if known:

       i.     A general description thereof (e.g., letter, memorandum, report, etc.);

      ii.     A description of the subject matter it concerns;

    iii.     A brief summary of its contents;

    iv.     The name, address and employer of the custodian of the original;

     v.     The name, address and employer of the persons, if any, who drafted, prepared, compiled or assigned it;

    vi.     The name, address and employer of the persons to whom it was directed; and

   vii.     Any other descriptive information necessary in order to describe it adequately in a subpoena duces tecum or in a motion or request for production thereof.

(b)     With respect to a person means set forth that person's name, last-known address and telephone number, occupation, place of employment, position and the address and telephone number of that person's place of employment.

Person:

When used in these interrogatories, "person" refers to any individual person (whether living or deceased), partnership, firm, corporation, association, joint venture or other entity.

You:

When used in these interrogatories, "Defendant", "you", "your", or any synonym thereof refers to Defendant MCKESSON CORPORATION and all employees, agents, servants, representatives, private investigators or others who are in possession of or may have obtained information for or on behalf of the Defendant, and the use of such term shall not be construed so as to limit the information provided to that which is only within your personal knowledge.

## INTERROGATORIES

1.

Detail the relationship between Defendant MCKESSON CORPORATION and McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia.

2.

List all parties or entities that managed, operated, controlled or had custody of the McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwannee, Georgia on or around September 3, 2021.

3.

State the name and contact information for the General Manager of McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia on or around September 3, 2021.

4.

State the name, address or information for the location of every person known to, or reasonably believed by you, your agents, attorneys, investigators or other representatives, other

than eyewitnesses, who have or purport to have knowledge or information of any fact pertaining to this controversy.

5.

Identify and describe any oral, written or recorded statement given by any person, including the name of the individual taking the statement, the date given, and the individuals present during the taking of the statement.

6.

Identify and describe any photograph, map, plat, drawing or other document depicting any subject matter that is deemed relevant to any aspect of this case, including photographs of yourself and the scene of the incident.

7.

If you expect to call any expert as a witness in the trial of this lawsuit, state the substance of the facts and opinions to which each expert is expected to testify, and further state in summary, the grounds for each such opinion. State the name, address and telephone number of each of the experts who have been consulted, retained or specifically employed by you in anticipation of litigation or preparation of trial and who is not expected to be called as a witness at trial.

8.

Do you contend that any admissions respecting the issues of this suit were made by the parties to this suit or their representatives? If the answer to interrogatory is in the affirmative, set forth the substance of each such admission, the names and the addresses of the persons making the admissions, the names and addresses of all persons present when such admission was made, and the location where and the time when such admission was made and the present whereabouts of all persons who have present custody and/or control thereof if such admission was in writing.

9.

Are you aware of anyone who will say the Plaintiff did anything to contribute to the cause of this incident? If so, list the correct names, addresses, home telephone and work telephone numbers of for all such persons.

10.

Please identify the party responsible for maintaining the facility's equipment at McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia where Plaintiff fell on the date of the incident set forth in the Complaint. With regard to "maintaining the facility's equipment," this interrogatory shall mean inspecting for, and repairing the equipment on said grounds. If said party was directly employed by you, please identify such person by name, current or last known address, job title or description. If said party was not directly employed by you, please provide its name, current or last known address and a brief description of the contractual arrangement under which said party maintained said equipment.

11.

Please describe the inspection procedures utilized by Defendant on the date of the subject incident, and state how often the equipment is inspected and maintained. In describing such policy or procedure, please identify whether such policy was ever reduced to writing, whether said policy was the subject of any orientation programs, training films, employee meetings or was otherwise disseminated to employees working at McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia.

12.

Please list all employees who worked at McKesson Medial Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia on the date of the incident set forth in the complaint and identify their full name, current or last known address, times worked, job title or job description.

13.

List all documents or other tangible items of which you are aware that you contend are in any way relevant to this cause of action.

14.

State the name and address of any potential party to the lawsuit not already a party.

15.

With regards to Plaintiff's claimed injuries and subsequent medical care:

(a)     State with exact specificity which injuries for which Plaintiff sought treatment after the incident that you contend were solely the result of a pre-existing or unrelated condition and were not caused or aggravated by the fall;

(b)     List each medical record or other evidence that you contend details the existence of this pre-existing or unrelated condition; and

(c)     List specifically all medical care provided to Plaintiff that you contend was not reasonable and necessary.

16.

Please describe in detail each action or activity of Plaintiff, as observed by you (or anyone else of which you are aware) immediately before, during, or at any time after the subject incident.

17.

Identify all insurance agreements under which the person or company issuing the same

may be called upon to satisfy all or part of any judgment that may be entered in favor of Plaintiff in this action, including the contents, terms, and policy numbers of the policy and any subordinate, umbrella or excess insuring agreement or agreements, the name(s) and mailing addresses of all insurers, the limits of liability, and the amount of deductible or retainage, if any.

18.

For each and every defense contained in your Answer, list all facts upon which you contend make up the basis for the defense and list all witnesses and supporting documents thereto.

19.

Are you contending that you were not properly served?  If so, fully and completely state each and every one of your reasons for this contention.

20.

State the full corporate name, state of incorporation, address, and registered agent for service.

21.

Identify the full names and mailing addresses of all parent and subsidiary companies of Defendant.

22.

Identify each person who provided information or assisted in preparing responses to these interrogatories, and state in particular what each person did in that respect.  Also state the specific interrogatories with respect to which each person provided information or assistance.  Individuals performing only clerical duties need not be identified.

**{SIGNATURE ON THE FOLLOWING PAGE}**

This 29th day of June, 2023.

**THE EICHHOLZ LAW FIRM, P.C.**

    /s/ Brian J. Kennedy, JR.
BRIAN J. KENNEDY, JR.
Georgia State Bar No. 534118
DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorneys for Plaintiff*

319 Eisenhower Drive
Savannah, Georgia 31406
(912) 232-2791 (phone)
(912) 629-2560 (fax)
bkennedy@thejusticelawyer.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ANDREW STEWART,       ) | |
|       ) | |
|    Plaintiff,       ) | |
|       ) | CIVIL ACTION FILE NO.: |
| v.       ) | |
|       ) | _____ |
| MCKESSON CORPORATION, MCKESSON  ) | |
| MEDICAL-SURGICAL INC., MCKESSON    ) | |
| MEDICAL-SURGICAL SUPPLY CHAIN     ) | |
| SERVICES LLC, and ABC CORPORATION,  ) | |
|       ) | |
|    Defendants.       ) | |

**PLAINTIFF'S FIRST INTERROGATORIES TO**
**DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.**

COMES NOW ANDREW STEWART, Plaintiff in the above-captioned matter, and pursuant to O.C.G.A. § 9-11-33 requests that Defendant MCKESSON MEDICAL-SURGICAL, INC. (hereinafter referred to as "McKesson Medical") answer under oath the following interrogatories within the time period required by law, and that a copy of the answers be furnished to Brian J. Kennedy Jr. at The Eichholz Law Firm, P.C., 319 Eisenhower Drive, Savannah, GA 31406 as attorney for Plaintiff.

NOTE A:    In answering these interrogatories, you must furnish all requested information not subject to a valid objection that is known by, possessed by, or available to you or any of your attorneys, consultants, representatives or other agents. If you are unable to answer fully any of these interrogatories, you must answer them to the fullest extent possible, specifying the reasons for your inability to answer the remainder, and stating whatever information, knowledge or belief you have concerning the unanswerable portion. If you object to an interrogatory as calling for information, which is beyond the scope of discovery, *you must*

*nevertheless answer the interrogatory to the extent that it is not objectionable.*

NOTE B:    These interrogatories require supplemental answers if you or your attorney obtain further information after the time the answers are to be filed and served upon counsel for the Plaintiff; such supplemental answers to be provided within thirty (30) days from the receipt of such additional information, but not later than ten (10) days prior to trial.

NOTE C:    Unless otherwise indicated, all references to Defendant are intended to be limited to the premise in which Plaintiff fell and which is located at 1005 Satellite Boulevard, Suwanee, Georgia 30024.

NOTE D:    You are under a duty to supplement your response with respect to any questions addressed to the identity and location of persons having knowledge of discoverable matters and to the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to testify, and the substance of his testimony. You are required to seasonably amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made or that the response, though correct when made is no longer true and circumstances are such that a failure to amend the response is in substance a knowing concealment.

## DEFINITIONS

Document:

When used in these interrogatories, the term "document" includes, but is not limited to, all paper materials of any kind whether written, typed, printed, punched, filmed or marked in any way; recording tape or wires, transcripts taken from recording tape or wires, film, photographs, movies, x-rays, or any graphic matter however produced or reproduced; correspondence, letters, telegrams, memoranda, statements, reports, records, statistical compilations, test data, instructions,

specification, notes, notebooks, and all other written material, including every copy of an original which is not identical to the original or where such copy contains any commentary or notation whatsoever (whether by interlineation, receipt stamps, notations, indication of copy sent or received, or otherwise) that does not appear on the original. Designated documents are to be taken as including all attachments, enclosures, or other documents that are attached to, relate to, or refer to such designated document.

Identify:

(a)    With respect to a document means set forth the following information, if known:

      i.    A general description thereof (e.g., letter, memorandum, report, etc.);

      ii.    A description of the subject matter it concerns;

      iii.    A brief summary of its contents;

      iv.    The name, address and employer of the custodian of the original;

      v.    The name, address and employer of the persons, if any, who drafted, prepared, compiled or assigned it;

      vi.    The name, address and employer of the persons to whom it was directed; and

      vii.    Any other descriptive information necessary in order to describe it adequately in a subpoena duces tecum or in a motion or request for production thereof.

(b)    With respect to a person means set forth that person's name, last-known address and telephone number, occupation, place of employment, position and the address and telephone number of that person's place of employment.

Person:

When used in these interrogatories, "person" refers to any individual person (whether living or deceased), partnership, firm, corporation, association, joint venture or other entity.

<u>You</u>:

When used in these interrogatories, "Defendant", "you", "your", or any synonym thereof refers to Defendant MCKESSON MEDICAL-SURGICAL and all employees, agents, servants, representatives, private investigators or others who are in possession of or may have obtained information for or on behalf of the Defendant, and the use of such term shall not be construed so as to limit the information provided to that which is only within your personal knowledge.

INTERROGATORIES

1.

Detail the relationship between Defendant MCKESSON MEDICAL-SURGICAL, INC and McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia.

2.

List all parties or entities that managed, operated, controlled or had custody of the McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwannee, Georgia on or around September 3, 2021.

3.

State the name and contact information for the General Manager of McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia on or around September 3, 2021.

4.

State the name, address or information for the location of every person known to, or reasonably believed by you, your agents, attorneys, investigators or other representatives, other

than eyewitnesses, who have or purport to have knowledge or information of any fact pertaining to this controversy.

5.

Identify and describe any oral, written or recorded statement given by any person, including the name of the individual taking the statement, the date given, and the individuals present during the taking of the statement.

6.

Identify and describe any photograph, map, plat, drawing or other document depicting any subject matter that is deemed relevant to any aspect of this case, including photographs of yourself and the scene of the incident.

7.

If you expect to call any expert as a witness in the trial of this lawsuit, state the substance of the facts and opinions to which each expert is expected to testify, and further state in summary, the grounds for each such opinion. State the name, address and telephone number of each of the experts who have been consulted, retained or specifically employed by you in anticipation of litigation or preparation of trial and who is not expected to be called as a witness at trial.

8.

Do you contend that any admissions respecting the issues of this suit were made by the parties to this suit or their representatives? If the answer to interrogatory is in the affirmative, set forth the substance of each such admission, the names and the addresses of the persons making the admissions, the names and addresses of all persons present when such admission was made, and the location where and the time when such admission was made and the present whereabouts of all persons who have present custody and/or control thereof if such admission was in writing.

9.

Are you aware of anyone who will say the Plaintiff did anything to contribute to the cause of this incident? If so, list the correct names, addresses, home telephone and work telephone numbers for all such persons.

10.

Please identify the party responsible for maintaining the facility's equipment at McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia where Plaintiff fell on the date of the incident set forth in the Complaint. With regard to "maintaining the facility's equipment," this interrogatory shall mean inspecting for, and repairing the equipment on said grounds. If said party was directly employed by you, please identify such person by name, current or last known address, job title or description. If said party was not directly employed by you, please provide its name, current or last known address and a brief description of the contractual arrangement under which said party maintained said equipment.

11.

Please describe the inspection procedures utilized by Defendant on the date of the subject incident, and state how often the equipment is inspected and maintained. In describing such policy or procedure, please identify whether such policy was ever reduced to writing, whether said policy was the subject of any orientation programs, training films, employee meetings or was otherwise disseminated to employees working at McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia.

12.

Please list all employees who worked at McKesson Medial Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia on the date of the incident set forth in the complaint and identify their full name, current or last known address, times worked, job title or job description.

13.

List all documents or other tangible items of which you are aware that you contend are in any way relevant to this cause of action.

14.

State the name and address of any potential party to the lawsuit not already a party.

15.

With regards to Plaintiff's claimed injuries and subsequent medical care:

(a)     State with exact specificity which injuries for which Plaintiff sought treatment after the incident that you contend were solely the result of a pre-existing or unrelated condition and were not caused or aggravated by the fall;

(b)     List each medical record or other evidence that you contend details the existence of this pre-existing or unrelated condition; and

(c)     List specifically all medical care provided to Plaintiff that you contend was not reasonable and necessary.

16.

Please describe in detail each action or activity of Plaintiff, as observed by you (or anyone else of which you are aware) immediately before, during, or at any time after the subject incident.

17.

Identify all insurance agreements under which the person or company issuing the same may be called upon to satisfy all or part of any judgment that may be entered in favor of Plaintiff in this action, including the contents, terms, and policy numbers of the policy and any subordinate, umbrella or excess insuring agreement or agreements, the name(s) and mailing addresses of all insurers, the limits of liability, and the amount of deductible or retainage, if any.

18.

For each and every defense contained in your Answer, list all facts upon which you contend make up the basis for the defense and list all witnesses and supporting documents thereto.

19.

Are you contending that you were not properly served? If so, fully and completely state each and every one of your reasons for this contention.

20.

State the full corporate name, state of incorporation, address, and registered agent for service.

21.

Identify the full names and mailing addresses of all parent and subsidiary companies of Defendant.

22.

Identify each person who provided information or assisted in preparing responses to these interrogatories, and state in particular what each person did in that respect. Also state the specific interrogatories with respect to which each person provided information or assistance. Individuals performing only clerical duties need not be identified.

This 29th day of June, 2023.

THE EICHHOLZ LAW FIRM, P.C.

/s/ Brian J. Kennedy, JR.
BRIAN J. KENNEDY, JR.
Georgia State Bar No. 534118
DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorneys for Plaintiff*

319 Eisenhower Drive
Savannah, Georgia 31406
(912) 232-2791 (phone)
(912) 629-2560 (fax)
bkennedy@thejusticelawyer.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANDREW STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| MCKESSON CORPORATION, MCKESSON | ) | _____ |
| MEDICAL-SURGICAL INC., MCKESSON | ) | |
| MEDICAL-SURGICAL SUPPLY CHAIN | ) | |
| SERVICES LLC, and ABC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT MCKESSON CORPORATION

COMES NOW ANDREW STEWART, Plaintiff in the above-captioned matter, and pursuant to O.C.G.A. § 9-11-34 you are hereby requested to produce and make available for inspection and/or copying the following documents, records and things within the time period required by law to Brian J. Kennedy, Jr. at The Eichholz Law Firm, P.C., 319 Eisenhower Drive, Savannah, GA 31406, as attorney for Plaintiff.

NOTE A:     In answering these requests for production, you must furnish all requested information not subject to a valid objection that is known by, possessed by, or available to you or any of your attorneys, consultants, representatives or other agents.  If you are unable to answer fully any of these requests for production, you must answer them to the fullest extent possible, specifying the reasons for your inability to answer the remainder, and stating whatever information, knowledge or belief you have concerning the unanswerable portion.  If you object to a request for production as calling for information which is beyond the scope of discovery, *you*

- 1 -

*must nevertheless answer the request for production to the extent that it is not objectionable.*

NOTE B:    These requests for production require supplemental answers if you or your attorney obtain further information after the time the answers are to be filed and served upon counsel for the Plaintiff; such supplemental answers to be provided within thirty (30) days from the receipt of such additional information, but not later than ten (10) days prior to trial.

You are under a duty to supplement your response with respect to any questions addressed to the identity and location of persons having knowledge of discoverable matters and to the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to testify, and the substance of his testimony. You are required to seasonably amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made or that the response, though correct when made is no longer true and circumstances are such that a failure to amend the response is in substance a knowing concealment.

## DEFINITIONS

Document:

When used in these requests for production, the term "document" includes, but is not limited to, all paper materials of any kind whether written, typed, printed, punched, filmed or marked in any way; recording tape or wires, transcripts taken from recording tape or wires, film, photographs, movies, x-rays, or any graphic matter however produced or reproduced; correspondence, letters, telegrams, memoranda, statements, reports, records, statistical compilations, test data, instructions, specification, notes, notebooks, and all other written material, including every copy of an original which is not identical to the original or where such copy contains any commentary or notation whatsoever (whether by interlineation, receipt stamps, notations, indication of copy sent or received, or otherwise) that does not appear on the original.

- 2 -

Designated documents are to be taken as including all attachments, enclosures, or other documents that are attached to, relate to, or refer to such designated document.

Identify:

    (a)    With respect to a document means set forth the following information, if known:

        i.    A general description thereof (e.g., letter, memorandum, report, etc.);

        ii.    A description of the subject matter it concerns;

        iii.    A brief summary of its contents;

        iv.    The name, address and employer of the custodian of the original;

        v.    The name, address and employer of the persons, if any, who drafted, prepared, compiled or assigned it;

        vi.    The name, address and employer of the persons to whom it was directed; and

        vii.    Any other descriptive information necessary in order to describe it adequately in a subpoena duces tecum or in a motion or request for production thereof.

    (b)    With respect to a person means set forth that person's name, last-known address and telephone number, occupation, place of employment, position and the address and telephone number of that person's place of employment.

Person:

When used in these requests, "person" refers to any individual person (whether living or deceased), partnership, firm, corporation, association, joint venture or other entity.

You:

When used in these requests, "Defendant", "you", "your", or any synonym thereof refers to

Defendant MCKESSON CORPORATION, and all employees, agents, servants, representatives, private investigators or others who are in possession of or may have obtained information for or on behalf of the Defendant, and the use of such term shall not be construed so as to limit the information provided to that which is only within your personal knowledge.

REQUESTS FOR PRODUCTION

1.

Please produce all documents identified in response to Plaintiff's First Interrogatories served contemporaneously herewith and incorporated herein.

2.

Please produce any report of incident, accident report, investigation report, and all other documents that have not been otherwise requested that you contend are in any way relevant to the incident set forth in the Complaint, including any statements or recordings of interviews by any current or former employee of Defendant or other witnesses relating to the incident.

3.

Please produce any and all investigative reports and investigative summaries pertaining to the incident, which is the subject of this claim.

4.

Please produce any statements of any witnesses who claim they saw all or any part of the incident set forth in the complaint.

5.

Please produce any and all photographs, videotapes, drawings, maps or other depictions of the injury site, the injured party, or any other documents produced as the result of the incident set forth in the complaint.

- 4 -

6.

Please produce any written policy or procedure regarding the maintenance of the facility equipment located at McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia

7.

Please produce any documents reflecting, discussing or relating to the maintenance of the delivery/loading dock area at the premises which is the subject matter of the complaint.

8.

Please produce a printout of all employees who worked at McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia in which Plaintiff fell on the date of the incident set forth in the Complaint, including a printout of the time said employees worked on said date.

9.

Please produce any and all incident reports, accident reports, or other recording of any type reflecting any falls of invitees at your warehouse in which Plaintiff fell from 2010 through the present.

10.

Please produce any surveillance photographs, videotapes, or investigative reports on the Plaintiff or the Plaintiff's background.

11.

Resumes (or curriculum vitaes) of any and all experts, together with any and all reports that have been obtained from any expert.  If a report has not been prepared, the preparation of a report is requested.

12.

A complete copy of any and all insurance policies in effect at any time during the last five years under oath, including all amendments and endorsements, naming Defendant as an insured, and a complete copy of any insurance policy under which any person or entity conducting an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

13.

Copies of any and all recorded or written statements that Plaintiff has made concerning this cause of action or its subject matter.

14.

Any documents, books, records, or other materials that you relied upon or referred to in preparing responses to any set of Plaintiff's discovery.

15.

Any and all medical, psychological, court, employment, and other records or documents pertaining to Plaintiff in the possession of Defendant that were gathered through the use of formal discovery (from any source other than Plaintiff) or are otherwise in your possession. This does not include, obviously, any documents already produced to you by Plaintiff.

16.

Any and all other documents and tangible items not protected by any privilege that have not been otherwise requested that you contend are relevant to this litigation or that you contend may be potentially be used for impeachment purposes at trial.

17.

All documents that you contend show the existence of a pre-existing condition for which Plaintiff sought treatment after the incident that was neither caused nor aggravated by the incident.

18.

Any and all memos produced or circulated by you and all other documents in your possession that in any way references or is related to the subject matter of this litigation.

19.

Copies of any and all employee manuals that were in effect either at the time of the subject incident or at any time afterwards.

20.

Please provide copies of any and all inspection logs, maintenance reports, and work orders pertaining to the facility's equipment from September 3, 2018 until the date of incident.

This 29th day of June, 2023.

THE EICHHOLZ LAW FIRM, P.C.

__/s/ Brian J. Kennedy, Jr._____
BRIAN J. KENNEDY, JR.
Georgia State Bar No. 534118
DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorneys for Plaintiff*

319 Eisenhower Drive
Savannah, Georgia 31406
(912) 232-2791 (phone)
(912) 629-2560 (fax)
bkennedy@thejusticelawyer.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANDREW STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| v. ) | |
| ) | |
| MCKESSON CORPORATION, MCKESSON ) | |
| MEDICAL-SURGICAL INC., MCKESSON ) | |
| MEDICAL-SURGICAL SUPPLY CHAIN ) | |
| SERVICES LLC, and ABC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT MCKESSON MEDICAL-SURGICAL, INC.

---

COMES NOW ANDREW STEWART, Plaintiff in the above-captioned matter, and pursuant to O.C.G.A. § 9-11-34 you are hereby requested to produce and make available for inspection and/or copying the following documents, records and things within the time period required by law to Brian J. Kennedy, Jr. at The Eichholz Law Firm, P.C., 319 Eisenhower Drive, Savannah, GA 31406, as attorney for Plaintiff.

NOTE A:    In answering these requests for production, you must furnish all requested information not subject to a valid objection that is known by, possessed by, or available to you or any of your attorneys, consultants, representatives or other agents.  If you are unable to answer fully any of these requests for production, you must answer them to the fullest extent possible, specifying the reasons for your inability to answer the remainder, and stating whatever information, knowledge or belief you have concerning the unanswerable portion.  If you object to a request for production as calling for information which is beyond the scope of discovery, *you*

- 1 -

*must nevertheless answer the request for production to the extent that it is not objectionable.*

NOTE B:    These requests for production require supplemental answers if you or your attorney obtain further information after the time the answers are to be filed and served upon counsel for the Plaintiff; such supplemental answers to be provided within thirty (30) days from the receipt of such additional information, but not later than ten (10) days prior to trial.

You are under a duty to supplement your response with respect to any questions addressed to the identity and location of persons having knowledge of discoverable matters and to the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to testify, and the substance of his testimony. You are required to seasonably amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made or that the response, though correct when made is no longer true and circumstances are such that a failure to amend the response is in substance a knowing concealment.

DEFINITIONS

Document:

When used in these requests for production, the term "document" includes, but is not limited to, all paper materials of any kind whether written, typed, printed, punched, filmed or marked in any way; recording tape or wires, transcripts taken from recording tape or wires, film, photographs, movies, x-rays, or any graphic matter however produced or reproduced; correspondence, letters, telegrams, memoranda, statements, reports, records, statistical compilations, test data, instructions, specification, notes, notebooks, and all other written material, including every copy of an original which is not identical to the original or where such copy contains any commentary or notation whatsoever (whether by interlineation, receipt stamps, notations, indication of copy sent or received, or otherwise) that does not appear on the original.

- 2 -

Designated documents are to be taken as including all attachments, enclosures, or other documents that are attached to, relate to, or refer to such designated document.

Identify:

(a)    With respect to a document means set forth the following information, if known:

i.    A general description thereof (e.g., letter, memorandum, report, etc.);

ii.    A description of the subject matter it concerns;

iii.    A brief summary of its contents;

iv.    The name, address and employer of the custodian of the original;

v.    The name, address and employer of the persons, if any, who drafted, prepared, compiled or assigned it;

vi.    The name, address and employer of the persons to whom it was directed; and

vii.    Any other descriptive information necessary in order to describe it adequately in a subpoena duces tecum or in a motion or request for production thereof.

(b)    With respect to a person means set forth that person's name, last-known address and telephone number, occupation, place of employment, position and the address and telephone number of that person's place of employment.

Person:

When used in these requests, "person" refers to any individual person (whether living or deceased), partnership, firm, corporation, association, joint venture or other entity.

You:

When used in these requests, "Defendant", "you", "your", or any synonym thereof refers to

Defendant MCKESSON MEDICAL-SURGICAL, INC., and all employees, agents, servants, representatives, private investigators or others who are in possession of or may have obtained information for or on behalf of the Defendant, and the use of such term shall not be construed so as to limit the information provided to that which is only within your personal knowledge.

## REQUESTS FOR PRODUCTION

1.

Please produce all documents identified in response to Plaintiff's First Interrogatories served contemporaneously herewith and incorporated herein.

2.

Please produce any report of incident, accident report, investigation report, and all other documents that have not been otherwise requested that you contend are in any way relevant to the incident set forth in the Complaint, including any statements or recordings of interviews by any current or former employee of Defendant or other witnesses relating to the incident.

3.

Please produce any and all investigative reports and investigative summaries pertaining to the incident, which is the subject of this claim.

4.

Please produce any statements of any witnesses who claim they saw all or any part of the incident set forth in the complaint.

5.

Please produce any and all photographs, videotapes, drawings, maps or other depictions of the injury site, the injured party, or any other documents produced as the result of the incident set forth in the complaint.

6.

Please produce any written policy or procedure regarding the maintenance of the facility equipment located at McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia

7.

Please produce any documents reflecting, discussing or relating to the maintenance of the delivery/loading dock area at the premises which is the subject matter of the complaint.

8.

Please produce a printout of all employees who worked at McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia in which Plaintiff fell on the date of the incident set forth in the Complaint, including a printout of the time said employees worked on said date.

9.

Please produce any and all incident reports, accident reports, or other recording of any type reflecting any falls of invitees at your warehouse in which Plaintiff fell from 2010 through the present.

10.

Please produce any surveillance photographs, videotapes, or investigative reports on the Plaintiff or the Plaintiff's background.

11.

Resumes (or curriculum vitaes) of any and all experts, together with any and all reports that have been obtained from any expert.  If a report has not been prepared, the preparation of a report is requested.

- 5 -

12.

A complete copy of any and all insurance policies in effect at any time during the last five years under oath, including all amendments and endorsements, naming Defendant as an insured, and a complete copy of any insurance policy under which any person or entity conducting an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

13.

Copies of any and all recorded or written statements that Plaintiff has made concerning this cause of action or its subject matter.

14.

Any documents, books, records, or other materials that you relied upon or referred to in preparing responses to any set of Plaintiff's discovery.

15.

Any and all medical, psychological, court, employment, and other records or documents pertaining to Plaintiff in the possession of Defendant that were gathered through the use of formal discovery (from any source other than Plaintiff) or are otherwise in your possession. This does not include, obviously, any documents already produced to you by Plaintiff.

16.

Any and all other documents and tangible items not protected by any privilege that have not been otherwise requested that you contend are relevant to this litigation or that you contend may be potentially be used for impeachment purposes at trial.

17.

All documents that you contend show the existence of a pre-existing condition for which

Plaintiff sought treatment after the incident that was neither caused nor aggravated by the incident.

18.

Any and all memos produced or circulated by you and all other documents in your

possession that in any way references or is related to the subject matter of this litigation.

19.

Copies of any and all employee manuals that were in effect either at the time of the subject

incident or at any time afterwards.

20.

Please provide copies of any and all inspection logs, maintenance reports, and work orders

pertaining to the facility's equipment from September 3, 2018 until the date of incident.

This 29th day of June, 2023.

**THE EICHHOLZ LAW FIRM, P.C.**

    /s/ Brian J. Kennedy, Jr.
BRIAN J. KENNEDY, JR.
Georgia State Bar No. 534118
DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorneys for Plaintiff*

319 Eisenhower Drive
Savannah, Georgia 31406
(912) 232-2791 (phone)
(912) 629-2560 (fax)
bkennedy@thejusticelawyer.com

**IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| ANDREW STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | |
| | ) | |
| MCKESSON CORPORATION, MCKESSON | ) | _____ |
| MEDICAL-SURGICAL INC., MCKESSON | ) | |
| MEDICAL-SURGICAL SUPPLY CHAIN | ) | |
| SERVICES LLC, and ABC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST INTERROGATORIES TO
DEFENDANT MCKESSON MEDICAL-SURGICAL SUPPLY CHAIN SERVICES, LLC**

COMES NOW ANDREW STEWART, Plaintiff in the above-captioned matter, and pursuant to O.C.G.A. § 9-11-33 requests that Defendant MCKESSON MEDICAL-SURGICAL SUPPLY CHAIN SERVICES, LLC (hereinafter referred to as "McKesson Supply Chain") answer under oath the following interrogatories within the time period required by law, and that a copy of the answers be furnished to Brian J. Kennedy Jr. at The Eichholz Law Firm, P.C., 319 Eisenhower Drive, Savannah, GA 31406 as attorney for Plaintiff.

NOTE A:    In answering these interrogatories, you must furnish all requested information not subject to a valid objection that is known by, possessed by, or available to you or any of your attorneys, consultants, representatives or other agents. If you are unable to answer fully any of these interrogatories, you must answer them to the fullest extent possible, specifying the reasons for your inability to answer the remainder, and stating whatever information, knowledge or belief you have concerning the unanswerable portion. If you object to an interrogatory as calling for information, which is beyond the scope of discovery, *you must*

*nevertheless answer the interrogatory to the extent that it is not objectionable*.

NOTE B:        These interrogatories require supplemental answers if you or your attorney obtain further information after the time the answers are to be filed and served upon counsel for the Plaintiff; such supplemental answers to be provided within thirty (30) days from the receipt of such additional information, but not later than ten (10) days prior to trial.

NOTE C:        Unless otherwise indicated, all references to Defendant are intended to be limited to the premise in which Plaintiff fell and which is located at 1005 Satellite Boulevard, Suwanee, Georgia 30024.

NOTE D:        You are under a duty to supplement your response with respect to any questions addressed to the identity and location of persons having knowledge of discoverable matters and to the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to testify, and the substance of his testimony.  You are required to seasonably amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made or that the response, though correct when made is no longer true and circumstances are such that a failure to amend the response is in substance a knowing concealment.

## DEFINITIONS

Document:

When used in these interrogatories, the term "document" includes, but is not limited to, all paper materials of any kind whether written, typed, printed, punched, filmed or marked in any way; recording tape or wires, transcripts taken from recording tape or wires, film, photographs, movies, x-rays, or any graphic matter however produced or reproduced; correspondence, letters, telegrams, memoranda, statements, reports, records, statistical compilations, test data, instructions,

specification, notes, notebooks, and all other written material, including every copy of an original which is not identical to the original or where such copy contains any commentary or notation whatsoever (whether by interlineation, receipt stamps, notations, indication of copy sent or received, or otherwise) that does not appear on the original. Designated documents are to be taken as including all attachments, enclosures, or other documents that are attached to, relate to, or refer to such designated document.

Identify:

(a)    With respect to a document means set forth the following information, if known:

      i.    A general description thereof (e.g., letter, memorandum, report, etc.);

      ii.    A description of the subject matter it concerns;

      iii.    A brief summary of its contents;

      iv.    The name, address and employer of the custodian of the original;

      v.    The name, address and employer of the persons, if any, who drafted, prepared, compiled or assigned it;

      vi.    The name, address and employer of the persons to whom it was directed; and

      vii.    Any other descriptive information necessary in order to describe it adequately in a subpoena duces tecum or in a motion or request for production thereof.

(b)    With respect to a person means set forth that person's name, last-known address and telephone number, occupation, place of employment, position and the address and telephone number of that person's place of employment.

Person:

When used in these interrogatories, "person" refers to any individual person (whether living or deceased), partnership, firm, corporation, association, joint venture or other entity.

You:

When used in these interrogatories, "Defendant", "you", "your", or any synonym thereof refers to Defendant MCKESSON MEDICAL-SURGICAL SUPPLY CHAIN SERVICE LLC and all employees, agents, servants, representatives, private investigators or others who are in possession of or may have obtained information for or on behalf of the Defendant, and the use of such term shall not be construed so as to limit the information provided to that which is only within your personal knowledge.

## INTERROGATORIES

1.

Detail the relationship between Defendant MCKESSON MEDICAL-SURGICAL SUPPLY CHAIN SERVICE LLC and McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia.

2.

List all parties or entities that managed, operated, controlled or had custody of the McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwannee, Georgia on or around September 3, 2021.

3.

State the name and contact information for the General Manager of McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia on or around September 3, 2021.

4.

State the name, address or information for the location of every person known to, or reasonably believed by you, your agents, attorneys, investigators or other representatives, other than eyewitnesses, who have or purport to have knowledge or information of any fact pertaining to this controversy.

5.

Identify and describe any oral, written or recorded statement given by any person, including the name of the individual taking the statement, the date given, and the individuals present during the taking of the statement.

6.

Identify and describe any photograph, map, plat, drawing or other document depicting any subject matter that is deemed relevant to any aspect of this case, including photographs of yourself and the scene of the incident.

7.

If you expect to call any expert as a witness in the trial of this lawsuit, state the substance of the facts and opinions to which each expert is expected to testify, and further state in summary, the grounds for each such opinion. State the name, address and telephone number of each of the experts who have been consulted, retained or specifically employed by you in anticipation of litigation or preparation of trial and who is not expected to be called as a witness at trial.

8.

Do you contend that any admissions respecting the issues of this suit were made by the parties to this suit or their representatives? If the answer to interrogatory is in the affirmative, set forth the substance of each such admission, the names and the addresses of the persons making the

admissions, the names and addresses of all persons present when such admission was made, and the location where and the time when such admission was made and the present whereabouts of all persons who have present custody and/or control thereof if such admission was in writing.

9.

Are you aware of anyone who will say the Plaintiff did anything to contribute to the cause of this incident? If so, list the correct names, addresses, home telephone and work telephone numbers for all such persons.

10.

Please identify the party responsible for maintaining the facility's equipment at McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia where Plaintiff fell on the date of the incident set forth in the Complaint. With regard to "maintaining the facility's equipment," this interrogatory shall mean inspecting for, and repairing the equipment on said grounds. If said party was directly employed by you, please identify such person by name, current or last known address, job title or description. If said party was not directly employed by you, please provide its name, current or last known address and a brief description of the contractual arrangement under which said party maintained said equipment.

11.

Please describe the inspection procedures utilized by Defendant on the date of the subject incident, and state how often the equipment is inspected and maintained. In describing such policy or procedure, please identify whether such policy was ever reduced to writing, whether said policy was the subject of any orientation programs, training films, employee meetings or was otherwise disseminated to employees working at McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia.

12.

Please list all employees who worked at McKesson Medial Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia on the date of the incident set forth in the complaint and identify their full name, current or last known address, times worked, job title or job description.

13.

List all documents or other tangible items of which you are aware that you contend are in any way relevant to this cause of action.

14.

State the name and address of any potential party to the lawsuit not already a party.

15.

With regards to Plaintiff's claimed injuries and subsequent medical care:

(a)    State with exact specificity which injuries for which Plaintiff sought treatment after the incident that you contend were solely the result of a pre-existing or unrelated condition and were not caused or aggravated by the fall;

(b)    List each medical record or other evidence that you contend details the existence of this pre-existing or unrelated condition; and

(c)    List specifically all medical care provided to Plaintiff that you contend was not reasonable and necessary.

16.

Please describe in detail each action or activity of Plaintiff, as observed by you (or anyone else of which you are aware) immediately before, during, or at any time after the subject incident.

17.

Identify all insurance agreements under which the person or company issuing the same may be called upon to satisfy all or part of any judgment that may be entered in favor of Plaintiff in this action, including the contents, terms, and policy numbers of the policy and any subordinate, umbrella or excess insuring agreement or agreements, the name(s) and mailing addresses of all insurers, the limits of liability, and the amount of deductible or retainage, if any.

18.

For each and every defense contained in your Answer, list all facts upon which you contend make up the basis for the defense and list all witnesses and supporting documents thereto.

19.

Are you contending that you were not properly served?  If so, fully and completely state each and every one of your reasons for this contention.

20.

State the full corporate name, state of incorporation, address, and registered agent for service.

21.

Identify the full names and mailing addresses of all parent and subsidiary companies of Defendant.

22.

Identify each person who provided information or assisted in preparing responses to these interrogatories, and state in particular what each person did in that respect. Also state the specific interrogatories with respect to which each person provided information or assistance. Individuals performing only clerical duties need not be identified.

This 29th day of June, 2023.

**THE EICHHOLZ LAW FIRM, P.C.**

    /s/ Brian J. Kennedy, Jr.
BRIAN J. KENNEDY, JR.
Georgia State Bar No. 534118
DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorneys for Plaintiff*

319 Eisenhower Drive
Savannah, Georgia 31406
(912) 232-2791 (phone)
(912) 629-2560 (fax)
bkennedy@thejusticelawyer.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

ANDREW STEWART,             )
                          )
     Plaintiff,           )
                          )   CIVIL ACTION FILE NO.:
v.                      )
                          )   _____
MCKESSON CORPORATION, MCKESSON )
MEDICAL-SURGICAL INC., MCKESSON )
MEDICAL-SURGICAL SUPPLY CHAIN )
SERVICES LLC, and ABC CORPORATION, )
                          )
     Defendants.       )

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT MCKESSON MEDICAL-SURGICAL SUPPLY CHAIN
SERVICES LLC**

COMES NOW ANDREW STEWART, Plaintiff in the above-captioned matter, and pursuant to O.C.G.A. § 9-11-34 you are hereby requested to produce and make available for inspection and/or copying the following documents, records and things within the time period required by law to Brian J. Kennedy, Jr. at The Eichholz Law Firm, P.C., 319 Eisenhower Drive, Savannah, GA 31406, as attorney for Plaintiff.

NOTE A:    In answering these requests for production, you must furnish all requested information not subject to a valid objection that is known by, possessed by, or available to you or any of your attorneys, consultants, representatives or other agents. If you are unable to answer fully any of these requests for production, you must answer them to the fullest extent possible, specifying the reasons for your inability to answer the remainder, and stating whatever information, knowledge or belief you have concerning the unanswerable portion. If you object to a request for production as calling for information which is beyond the scope of discovery, ***you***

*must nevertheless answer the request for production to the extent that it is not objectionable.*

NOTE B:    These requests for production require supplemental answers if you or your attorney obtain further information after the time the answers are to be filed and served upon counsel for the Plaintiff; such supplemental answers to be provided within thirty (30) days from the receipt of such additional information, but not later than ten (10) days prior to trial.

You are under a duty to supplement your response with respect to any questions addressed to the identity and location of persons having knowledge of discoverable matters and to the identity of each person expected to be called as an expert witness at trial, the subject matter of which he is expected to testify, and the substance of his testimony. You are required to seasonably amend a prior response if you obtain information upon the basis of which you know that the response was incorrect when made or that the response, though correct when made is no longer true and circumstances are such that a failure to amend the response is in substance a knowing concealment.

## DEFINITIONS

Document:

When used in these requests for production, the term "document" includes, but is not limited to, all paper materials of any kind whether written, typed, printed, punched, filmed or marked in any way; recording tape or wires, transcripts taken from recording tape or wires, film, photographs, movies, x-rays, or any graphic matter however produced or reproduced; correspondence, letters, telegrams, memoranda, statements, reports, records, statistical compilations, test data, instructions, specification, notes, notebooks, and all other written material, including every copy of an original which is not identical to the original or where such copy contains any commentary or notation whatsoever (whether by interlineation, receipt stamps, notations, indication of copy sent or received, or otherwise) that does not appear on the original.

- 2 -

Designated documents are to be taken as including all attachments, enclosures, or other documents that are attached to, relate to, or refer to such designated document.

Identify:

(a)    With respect to a document means set forth the following information, if known:

 i. A general description thereof (e.g., letter, memorandum, report, etc.);

 ii. A description of the subject matter it concerns;

 iii. A brief summary of its contents;

 iv. The name, address and employer of the custodian of the original;

 v. The name, address and employer of the persons, if any, who drafted, prepared, compiled or assigned it;

 vi. The name, address and employer of the persons to whom it was directed; and

 vii. Any other descriptive information necessary in order to describe it adequately in a subpoena duces tecum or in a motion or request for production thereof.

(b)    With respect to a person means set forth that person's name, last-known address and telephone number, occupation, place of employment, position and the address and telephone number of that person's place of employment.

Person:

When used in these requests, "person" refers to any individual person (whether living or deceased), partnership, firm, corporation, association, joint venture or other entity.

You:

When used in these requests, "Defendant", "you", "your", or any synonym thereof refers to

Defendant MCKESSON MEDICAL-SURGICAL SUPPLY CHAIN SERVICES, LLC, and all employees, agents, servants, representatives, private investigators or others who are in possession of or may have obtained information for or on behalf of the Defendant, and the use of such term shall not be construed so as to limit the information provided to that which is only within your personal knowledge.

## REQUESTS FOR PRODUCTION

1.

Please produce all documents identified in response to Plaintiff's First Interrogatories served contemporaneously herewith and incorporated herein.

2.

Please produce any report of incident, accident report, investigation report, and all other documents that have not been otherwise requested that you contend are in any way relevant to the incident set forth in the Complaint, including any statements or recordings of interviews by any current or former employee of Defendant or other witnesses relating to the incident.

3.

Please produce any and all investigative reports and investigative summaries pertaining to the incident, which is the subject of this claim.

4.

Please produce any statements of any witnesses who claim they saw all or any part of the incident set forth in the complaint.

5.

Please produce any and all photographs, videotapes, drawings, maps or other depictions of the injury site, the injured party, or any other documents produced as the result of the incident set forth in the complaint.

6.

Please produce any written policy or procedure regarding the maintenance of the facility equipment located at McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia

7.

Please produce any documents reflecting, discussing or relating to the maintenance of the patio grounds at the premises which is the subject matter of the complaint.

8.

Please produce a printout of all employees who worked at McKesson Medical Surgical located at 1005 Satellite Boulevard in Suwanee, Georgia in which Plaintiff fell on the date of the incident set forth in the Complaint, including a printout of the time said employees worked on said date.

9.

Please produce any and all incident reports, accident reports, or other recording of any type reflecting any falls of customers at your warehouse in which Plaintiff fell from 2010 through the present.

10.

Please produce any surveillance photographs, videotapes, or investigative reports on the Plaintiff or the Plaintiff's background.

11.

Resumes (or curriculum vitaes) of any and all experts, together with any and all reports that have been obtained from any expert.  If a report has not been prepared, the preparation of a report is requested.

12.

A complete copy of any and all insurance policies in effect at any time during the last five years under oath, including all amendments and endorsements, naming Defendant as an insured, and a complete copy of any insurance policy under which any person or entity conducting an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

13.

Copies of any and all recorded or written statements that Plaintiff has made concerning this cause of action or its subject matter.

14.

Any documents, books, records, or other materials that you relied upon or referred to in preparing responses to any set of Plaintiff's discovery.

15.

Any and all medical, psychological, court, employment, and other records or documents pertaining to Plaintiff in the possession of Defendant that were gathered through the use of formal discovery (from any source other than Plaintiff) or are otherwise in your possession.  This does not include, obviously, any documents already produced to you by Plaintiff.

16.

Any and all other documents and tangible items not protected by any privilege that have not been otherwise requested that you contend are relevant to this litigation or that you contend may be potentially be used for impeachment purposes at trial.

17.

All documents that you contend show the existence of a pre-existing condition for which Plaintiff sought treatment after the incident that was neither caused nor aggravated by the incident.

18.

Any and all memos produced or circulated by you and all other documents in your possession that in any way references or is related to the subject matter of this litigation.

19.

Copies of any and all employee manuals that were in effect either at the time of the subject incident or at any time afterwards.

20.

Please provide copies of any and all inspections logs, maintenance reports, and work orders pertaining to the facility's equipment from September 3, 2018 until the date of incident.

**{SIGNATURE ON THE FOLLOWING PAGE}**

This 29th day of June, 2023.

**THE EICHHOLZ LAW FIRM, P.C.**


___/s/ Brian J. Kennedy, Jr._____
BRIAN J. KENNEDY, JR.
Georgia State Bar No. 534118
DAVID S. EICHHOLZ
Georgia State Bar No. 502134
*Attorneys for Plaintiff*

319 Eisenhower Drive
Savannah, Georgia 31406
(912) 232-2791  (phone)
(912) 629-2560 (fax)
bkennedy@thejusticelawyer.com